# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY B. TILLMAN, | CASE NO. 1:09-cv-00598-LJO-SMS PC |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO STATE A CLAIM UNDER SECTION 1983 |
| v. | |
| MENDOZ K. POWERS, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.      Screening Requirement**

Plaintiff Anthony B. Tillman, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on April 3, 2009. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but

1

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusion are not. Id. at 1949.

## II.  Plaintiff's Claim

Plaintiff, who is housed at Avenal State Prison, brings this civil rights action against Warden K. Mendoza-Powers for allegedly "forfeiting" his date release from incarceration.[1] (Doc. 1, Comp., § IV.)

"[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - *if* success in that action would necessarily demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125 S.Ct. 1242, 1248 (2005). In this instance, although no further details are alleged, Plaintiff is challenging his continued retention in prison and is therefore precluded from seeking relief in this section 1983 action.

## III.  Conclusion and Order

Plaintiff's section 1983 claim is barred because Plaintiff is challenging his imprisonment. Wilkinson, 544 U.S. at 81-2. This deficiency is not capable of being cured through amendment, Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000), and this action is HEREBY ORDERED DISMISSED, without prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

**Dated:   September 9, 2009**          /s/ Lawrence J. O'Neill
                                        UNITED STATES DISTRICT JUDGE

---

[1] Defendant is misidentified as Mendoz K. Powers in the caption of the complaint.